# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY SALDANA,<br><br>Defendant. | Case No. 1:13-mj-00254-SAB<br><br>ORDER RE DEFENDANT'S REQUEST FOR SENTENCING CREDITS PURSUANT TO 18 U.S.C. § 3585 |

On June 19, 2014, the Court held a sentencing hearing in this action. At the hearing, Defendant Danny Saldana ("Defendant") requested that the Court's judgment reflect credit for time served pursuant to 18 U.S.C. § 3585(b)(2). Defendant argues that time served in state custody in relation to state charges should be credited toward Plaintiff's sentence in this action.

However, "it is the Attorney General who computes the amount of credit after the defendant begins his sentence." U.S. v. Wilson, 503 U.S. 329, 333 (1992). "[Section] 3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 334. While the Court may make recommendations regarding credit for time served, see Taylor v. Reno, 164 F.3d 440, 446 (9th Cir. 1998) ("...statements by a district court regarding credit for time served are only recommendations."), the Court declines to issue any such recommendation here. As the Supreme Court noted in Wilson, it is inappropriate for district courts to calculate credits because Section 3585(b) strictly prohibits "double credit" for time served—i.e., crediting time served

both against a state sentence as well as a federal sentence.  See U.S. v. Wilson, 503 U.S. at 334; see also 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence.").

At this point in time, it is unclear whether Defendant's time served in state custody will be credited against a separate state sentence.  Therefore, determining whether such time served should be credited against Defendant's sentence in this action would be premature because granting the credit toward the sentence in this action may result in a state court later crediting the same time served against Defendant's state court sentence, resulting in a double credit.  See U.S. v. Wilson, 503 U.S. at 334 ("We can imagine no reason why Congress would desire the presentence detention credit, which determines how much time an offender spends in prison, to depend on the timing of his sentencing.").

As noted at the sentencing hearing, the Court did not consider the defendant's present state charges in assessing the appropriate sentence the defendant should receive.  Similarly, the Court did not intend the defendant to receive any credit on his four month sentence in this case for any time he was serving presently on his state charges.  Therefore, the Court declines to make any recommendations and leave any credit calculation to the Bureau of Prisons.  This court's intent is that the defendant serve four months imprisonment for the reasons stated at sentencing.

Based upon the foregoing, it is HEREBY ORDERED that Defendant's request that the Court's judgment reflect credit for time served pursuant to 18 U.S.C. § 3585(b)(2) is DENIED.

IT IS SO ORDERED.

Dated:   **June 24, 2014**

UNITED STATES MAGISTRATE JUDGE